## ROBERT E. LEE ROBERTS V. STATE

No. 27,428. March 2, 1955
Rehearing Denied (Without Written Opinion) April 13, 1955

*O'Brien Stevens,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Under an indictment charging appellant with the malicious murder of Coy Tipton Oakes, appellant was found guilty of murder without malice and his punishment assessed at two years in the penitentiary.

Deceased was the tenant of appellant and resided in a house two doors from that belonging to and occupied by appellant. The dispute between the parties which culminated in this killing arose over the fact that deceased's son persisted in watering the lawn to the house in which his parents resided, to which appellant registered a protest as, it appears, he (appellant) paid the water bills. When the son continued watering the grass appellant made the statement to him that he was going to his parents to see if they could stop him. A short time thereafter, deceased appeared on the porch of appellant's house and an argument ensued over the watering situation and also concerning other tenants of appellant. The following evening, deceased, in a drunken condition, again came to appellant's home and an argument ensued in the course of which deceased cursed appellant and called him a "God-damned .... son-of-a-bitch." Angered thereat, appellant demanded a retraction of the statement and then slapped deceased.

The state's testimony shows that deceased did not return the attack but walked away as though he was leaving appellant's premises. Appellant then secured a .22 rifle from the front door of his house, started after deceased and fired two shots, which killed him.

Also, the state's testimony negatives the fact that deceased was making an attack on appellant when he fired the shots and shows the killing was unjustified.

As a witness in his own behalf, appellant testified that, knowing he was no match, physically, against the deceased, he used the rifle to protect himself and fired the shots in self-defense against the attack of the deceased.

The defensive theories were pertinently submitted by the trial court in his charge, to which no exception or objection was reserved by appellant.

Appellant complains that he was not permitted to prove that about a week before the homicide the wife of the deceased told him that she was going to get her husband out of jail and that he had "been off his job so many times, on account of it" she was afraid he would lose his job.

Appellant also complains that he was not permitted to testify to a conversation with the deceased in regard to a police officer in which the deceased said: "That's one G. d. son of a bitch I've got to tell off."

Appellant urges that the testimony rejected was admissible to show his knowledge of the character and disposition of the deceased, as well as the state of mind of the appellant, which was relevant on the issue of self-defense.

We overrule the contention that the testimony offered tended to show that the deceased was a dangerous and quarrelsome man who appellant had good reason to believe was about to attack and inflict death or serious bodily injury upon him. The fact that the deceased had been in jail before and had threatened to "tell off" a police officer does not necessarily show a dangerous or violent character.

No reversible error appearing, the judgment is affirmed.